# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IMMERVISION, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 21-1484-MN-CJB |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| APPLE, INC. | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT APPLE INC.'S BRIEF IN SUPPORT OF
## MOTION FOR JUDGMENT ON THE PLEADINGS

OF COUNSEL:

Michael T. Pieja
Doug Winnard
Shaun Zhang
Jennifer M. Hartjes
GOLDMAN ISMAIL TOMASELLI
  BRENNAN & BAUM LLP
200 South Wacker Drive, 22nd Floor
Chicago, IL  60606
Tel:  (312) 681-6000

Kenneth A. Kuwayti
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 813-5600

Karina N. Pundeff
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, CA 92130
Tel: (858) 720-5100

Dated:  June 15, 2023
10835796/12209.00047

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Defendant Apple Inc.*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................ iii

I.  INTRODUCTION ............................................................................................................. 1

II. NATURE OF THE PROCEEDINGS ................................................................................ 2

III. SUMMARY OF ARGUMENT ......................................................................................... 2

IV. STATEMENT OF FACTS ................................................................................................ 3

V.  ARGUMENT ..................................................................................................................... 4

    A. Means-Plus-Function Claims That Have Only One Element Are Categorically Invalid .................................................................................... 4

    B. Claim 21 Is Invalid Because It Is a Means-Plus-Function Claim with Only One Element ........................................................................................ 6

    C. No Material Factual Issues Remain, and Apple Is Entitled to Judgment as a Matter of Law ............................................................................................ 8

VI. CONCLUSION ................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Cases**

*Amgen Inc. v. Sanofi, Aventisub LLC*,
　850 F. App'x 794 (Fed. Cir. 2021) .................................................................................6, 9

*Fiers v. Revel*,
　984 F.2d 1164 (Fed. Cir. 1993) ....................................................................................... 6, 9

*Halliburton Oil Well Cementing Co. v. Walker*,
　329 U.S. 1 (1946) ............................................................................................................ 4-5

*In re Hyatt*,
　708 F.2d 712 (Fed. Cir. 1983) ...................................................................................... passim

*O'Reilly v. Morse*,
　56 U.S. 62 (1853) ................................................................................................................4

*Parallel Networks Licensing, LLC v. Int'l Bus. Machs. Corp.*,
　83 F. Supp. 3d 571 (D. Del. 2015) ..............................................................................3, 8, 10

**Statutes**

35 U.S.C. § 112 ..........................................................................................................................1

35 U.S.C. § 112 ¶ 6 ............................................................................................................ passim

**Other Authorities**

P.J. Federico Commentary, 35 U.S.C.A. § 1 ............................................................................. 5

## I.     INTRODUCTION

The only claim Plaintiff ImmerVision asserts in this patent action is a type of means-plus-function claim prohibited by both statute and case law. 35 U.S.C. § 112 ¶ 6 (pre-AIA) ("§ 112(6)") authorizes the use of means-plus-function language—but only if the claim recites a "combination" of elements. The sole asserted claim here does not meet that basic requirement. Rather, it is a "single-means claim" that recites only a single means-plus-function element—an "optical means"—not a combination of elements. Because this type of claim is categorically invalid under § 112, Defendant Apple's motion for judgment on the pleadings should be granted.

Single-means claims have been prohibited for decades. Congress passed the 1952 Patent Act to permit the use of "means-plus-function" language in specific circumstances, as codified at 35 U.S.C. § 112(6). Under § 112(6), a patentee can recite elements of an invention in a means-plus-function format, but only as part of a "claim for a combination." In other words, patentees must draft a claim with more than one element if they wish to use means-plus-function language. The statute reflects a trade-off: patentees get flexibility to use functional language so long as they narrow their claim to recite a combination of elements, rather than a single means by itself. If a patentee does not make this concession and instead pursues a broad claim with only a single-means element, it is categorically invalid as a matter of law.

ImmerVision's sole asserted claim, claim 21, is invalid for this reason. The claim recites a lens comprised of only a single element, an "optical means." The remaining claim language describes only functions or properties of this single means. The Court need not look beyond the law and claim language to determine that claim 21 is an improper, single-means claim. Accordingly, Apple's motion should be granted, and claim 21 held invalid.

## II. NATURE OF THE PROCEEDINGS

This case is one of three patent cases that ImmerVision filed against Apple beginning in late 2021. Here, ImmerVision asserts that one of the cameras in certain iPhones infringes claim 21 of U.S. Patent No. 6,844,990 ("the '990 Patent"). ImmerVision filed its Amended Complaint on April 28, 2022, and Apple answered on May 12, 2022. The parties completed claim-construction briefing (D.I.[1] 73, 78, 82, 87, 101), and the deadline to amend pleadings without modifying the Court's Scheduling Order recently passed. (D.I. 26 at 2, 19.) Trial is set for October 28, 2024. (*Id.* at 17, 20.)

## III. SUMMARY OF ARGUMENT

1. In a means-plus-function patent claim under 35 U.S.C. § 112(6), a patentee claims an invention by describing the function it performs, and the law cabins the claim's scope to the corresponding structure in the specification. To benefit from § 112(6), however, the means-plus-function language must be part of "a claim for a combination." 35 U.S.C. § 112(6). If, instead, the claim recites only a single element, it is called a "single-means claim." Single-means claims do not comply with § 112(6) and are categorically invalid for lack of enablement. This is because "a single means claim . . . covers every conceivable means for achieving the stated result, while the specification discloses at most only those means known to the inventor." *In re Hyatt*, 708 F.2d 712, 714 (Fed. Cir. 1983). Although § 112(6) "saves *combination* claims drafted using means-plus-function format from this problem by providing a construction of that format narrow enough to avoid the problem of undue breadth . . . no provision saves a claim drafted in means-plus-function format which is not drawn to a combination, i.e., a single means claim." *Id.* at 715.

---

[1] All docket citations refer to C.A. No. 21-1484-MN-CJB.

2. Claim 21 recites a lens that comprises only a single element: an "optical means." The parties agree that this claim uses means-plus-function language. Because claim 21 recites a single element rather than a combination of elements, it does not comply with § 112(6). Without § 112(6) to save it, claim 21 is invalid as a matter of law for lack of enablement. *In re Hyatt*, 708 F.2d at 715.

3. Under Federal Rule 12(c), Apple is entitled to judgment on the pleadings because, even viewing the facts in the light most favorable to the non-moving party, "no relief could be afforded under any set of facts that could be provided." *Parallel Networks Licensing, LLC v. Int'l Bus. Machs. Corp.*, 83 F. Supp. 3d 571, 573 (D. Del. 2015). Here, the Court already has before it the only facts it needs to resolve the issue—specifically, the '990 Patent claim language. The question of whether claim 21 is an invalid single-means claim is purely a legal one. *In re Hyatt*, 708 F.2d at 715. Because "no material issue of fact remains to be resolved" and Apple "is entitled to judgment as a matter of law," Apple's motion should be granted. *Parallel Networks*, 83 F. Supp. 3d at 573.

## IV.  STATEMENT OF FACTS

The '990 Patent, titled "Method for Capturing and Displaying a Variable Resolution Digital Panoramic Image," originally issued in 2005. Claim 21, the only claim asserted against Apple in this action, depends from independent claim 17. The full claim states:

> 17. A panoramic objective lens comprising:
>
> > optical means for projecting a panorama into an image plane of the objective lens, the optical means having an image point distribution function that is not linear relative to the field angle of object points of the panorama, the distribution function having a maximum divergence of at least ±10% compared to a linear distribution function, such that a panoramic image obtained by means of the objective lens comprises at least one substantially expanded zone and at least one substantially compressed zone.

3

> 21. The panoramic objective lens according to claim 17, wherein the lens compresses the center of the image and the edges of the image, and expands an intermediate zone of the image located between the center and the edges of the image.

(Compl., D.I. 1 at Ex. A, '990 Pat., cls. 17, 21.)

Both parties agree that claim 21 uses means-plus-function language. (Joint Cl. Constr. Br., D.I. 101 at 20, 23.) The "panoramic objective lens" recited in this claim has only one element: an "optical means." (D.I. 1 at Ex. A, '990 Pat., cl. 21.)

## V.     ARGUMENT

Congress permits patentees to use means-plus-function language only as part of a combination of elements. Claims that recite a single-means element are *per se* invalid. Because claim 21 does just that, it does not comply with § 112(6) and is invalid as a matter of law.

### A.     Means-Plus-Function Claims That Have Only One Element Are Categorically Invalid

Claim 21 violates § 112(6)'s carefully constructed framework for means-plus-function claims and is *per se* invalid for lack of enablement, as Federal Circuit precedent establishes.

The idea of claiming an invention by describing its function, as claim 21 does, is not new—and neither are the concerns that misuse of such language can raise. Over a century-and-a-half ago, the inventor of the telegraph used functional claim language to try to cover every future device whose function was using electricity to communicate remotely. *O'Reilly v. Morse*, 56 U.S. 62, 112 (1853). The Supreme Court rejected this. *Id.* at 119–20. The concern with that telegraph claim was that it covered far more than what the inventor taught the public. *Id.* at 113. The claim could be read on any "mode of writing or printing at a distance by means of [electricity]," but the inventor described only one mode: the telegraph. *Id.* In the decades that followed, this concern continued to doom overbroad functional claims. *See, e.g.*, *Halliburton Oil Well Cementing Co. v. Walker*,

4

329 U.S. 1, 12 (1946) (invalidating functional claim due to its "broadness, ambiguity, and overhanging threat").

In reaction to these overbreadth problems, Congress provided a compromise that would allow a patentee to use functional claim language, but only under limited circumstances. It authorized a specific type of functional claim—a means-plus-function element recited as part of a combination of elements—along with instructions for interpreting that claim. This framework, codified in 35 U.S.C. § 112(6), provides:

> An element ***in a claim for a combination*** may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof.

(emphasis added). Section 112(6) has two main components. First, it sets forth the key concession a patentee must make to use a means-plus-function element: the claim must be "a claim for a combination." *Id.* Second, assuming the patentee makes that concession, § 112(6) instructs courts to narrowly construe the means-plus-function element "to cover the corresponding structure" found within the patent, thus potentially mitigating overbreadth concerns. *Id.*

The drafters of § 112(6) did not intend to authorize all means-plus-function claims. To the contrary, the drafters were explicit that "[t]he language [of the final paragraph of § 112] does not go so far as to permit a so-called single means claim, that is a claim which recites merely one means plus a statement of function and nothing else." *In re Hyatt*, 708 F.2d at 713–14 (citing P.J. Federico Commentary, 35 U.S.C.A. § 1) (second alteration in original) (internal quotation marks omitted). And, the drafters warned, any "[a]ttempts to evade this by adding purely nominal elements to such a claim will undoubtedly be condemned." *Id.* (internal quotations omitted). Thus, if a means-plus-function claim has only one element, it does not comply with the language or intent of § 112(6).

5

Claims that fail to comply with the "combination" requirement of § 112(6) are invalid as a matter of law for lack of enablement. For example, in *In re Hyatt*, the Federal Circuit confronted a claim involving a processor comprising only one element: an "incremental means." 708 F.2d at 712–13. Although the claim was drafted with "means-plus-function" language, it did not recite a combination of elements. *Id.* Thus, the Federal Circuit held that § 112(6) did not govern because that provision "saves" only "*combination* claims drafted using means-plus-function format," not "single means claim[s]." *Id.* at 715. Because *Hyatt*'s single means claim did not comply with § 112(6), the claim could not be construed using the "means-plus-function" format in that provision, i.e., limited to its corresponding structure. *Id.* Instead, the court found that the claim necessarily lacked an "enabling disclosure . . . commensurate in scope with the claim." *Id.* at 714. The *Hyatt* court thus held single-means claims to be *per se* invalid. *Id.* at 714–15.

Courts after *Hyatt* have uniformly recognized that single-means claims are invalid. For instance, in *Fiers v. Revel*, the Federal Circuit invalidated a functional claim because it was "analogous" to an improper single-means claim. 984 F.2d 1164, 1171 (Fed. Cir. 1993). Through a single element, the claim in *Fiers* purported to cover "all DNA's that achieve a result without defining what means will do so." *Id.* The court invalidated it for lack of enablement. *Id.* Similarly, the Federal Circuit recently reiterated that "[t]his court has already considered the impact of functional means claim limitations on whether a disclosure is commensurate in scope with the claim. The answer is that single means claims claim too much." *Amgen Inc. v. Sanofi, Aventisub LLC*, 850 F. App'x 794, 797 (Fed. Cir. 2021).

### B. Claim 21 Is Invalid Because It Is a Means-Plus-Function Claim with Only One Element

Applying these principles, claim 21 is an invalid single-means claim. Both parties agree that claim 21 uses means-plus-function language. (D.I. 101 at 20, 23.) And the claim's plain

language shows that claim 21 does not comply with § 112(6)'s "combination" requirement. Claim 17, the independent claim on which claim 21 depends, lists only a single element after the word "comprising": an "optical means." *See In re Hyatt*, 708 F.2d at 714 ("the invention defined is what follows the word 'comprising'").

> 17. A panoramic objective lens comprising:
> optical means for projecting a panorama into an image plane of the objective lens, the optical means having an image point distribution function that is not linear relative to the field angle of object points of the panorama, the distribution function having a maximum divergence of at least ±10% compared to a linear distribution function, such that a panoramic image obtained by means of the objective lens comprises at least one substantially expanded zone and at least one substantially compressed zone.

The additional language in the "optical means" paragraph does not save claim 21, because that language is still just describing the single "optical means." The Federal Circuit's decision in *In re Hyatt* is on all fours with this claim. There, the patentee claimed a "processor" comprising only one element: "incremental *means for* incrementally generating the Fourier transformed incremental output signals in response to the incremental input signals." *In re Hyatt*, 708 F.2d at 712–13. As the court recognized, the "mere *recital* of a multitude of [descriptors]" after the single means—such as the Fourier transformed input and output signals—does not transform a claim into a combination. *Id.* at 714. The court rejected the patentee's attempt to classify "every noun in the claim as a separate element." *Id.* Instead, the court read the claim language holistically, "in accordance with the precepts of English grammar." *Id.* Here, as in *In re Hyatt*, the claim as a whole recites only one element—the optical means—and the subsequent claim language is a "mere description of the single claimed [optical] means." *Id.*

7

Dependent claim 21 does not add any structural limitations to claim 17, and thus is still an invalid single-means claim. Claim 21 specifies that the lens of claim 17 further "compresses the center of the image and the edges of the image, and expands an intermediate zone of the image." This language does not set forth any separate element in "combination" with the optical means. Nor does using the term "lens" in claim 21 (rather than "optical means") convert the claim into a claim for a combination. The lens *comprises* the optical means; it thus cannot be said to be in "a combination" with it. *See In re Hyatt*, 708 F.2d at 714 ("processor" was not in combination with its sole element, "incremental means"). The language of claim 21 does not recite a separate element, but rather is a "mere description" of the single optical means. Claim 21 does not comply with § 112(6) and, thus, is invalid as a matter of law.

### C. No Material Factual Issues Remain, and Apple Is Entitled to Judgment as a Matter of Law

Claim 21's invalidity as an improper single-means claim is one that the Court can readily address on the pleadings. No set of facts can change the legal conclusion that claim 21 is an improper single-means claim. *In re Hyatt*, 708 F.2d at 715; *Parallel Networks*, 83 F. Supp. 3d at 573. All that the Court needs to decide this motion are the words of claim 21 in the '990 Patent, which ImmerVision included in its pleadings. (D.I. 1 at Ex. A.)

Further, there is no need to await claim construction before resolving this issue because claim 21 is an invalid single-means claim under either party's proposed construction. (D.I. 101 at 20, 23.) Under Apple's construction, claim 21's language about "compress[ing]" and "expand[ing]" zones of the image is part of the optical means' function. Specifically, the function of the optical means "project[s] a panorama into an image plane of the objective lens, by compressing the center of the image and the edges of the image, and expanding an intermediate zone of the image." (*Id.* at 22–23.) Under Apple's construction, because claim 21 merely adds to

8

the function of the "optical means" first described in claim 17, it cannot change the claim's status as an improper single-means claim.

The same result holds under ImmerVision's construction. ImmerVision contends the words following "optical means" in claim 17 "describe a 'characteristic or property' of the claimed lens, not what the lens 'does.'" (D.I. 101 at 21 (citation omitted).) In this same vein, ImmerVision contends that the "compress[ing]" and "expand[ing]" language in claim 21 "describes characteristics of the panoramic image obtained via the work of the objective lens," not the function of the lens. (*Id.* (citation and quotations omitted).) Doubling down on this position in its reply, ImmerVision states that "claim 21 further narrows the *result* of the function and structure" in claim 17. (*Id.* at 29 (emphasis added).) Thus, even under ImmerVision's construction, the additional language in claim 21 merely provides "characteristics of" or "narrows" the language in claim 17. In other words, dependent claim 21 simply provides a further "description of the single claimed means," not a separate element that combines with the "optical means." *In re Hyatt*, 708 F.2d at 714. Whether the claim language describes the function of the lens (as Apple proposes) or describes a characteristic of the claimed lens (as ImmerVision proposes), claim 21 is a means-plus-function claim with only one element.

Nor does the parties' dispute about the corresponding structure for claim 21 affect the single-means issue. Whether the '990 Patent discloses a structure capable of performing claim 21's function makes no difference here. (D.I. 101 at 22, 26–28.) Regardless of what details the specification provides, a single-means claim is *per se* invalid for lack of enablement. *See Amgen*, 850 F. App'x at 797; *Fiers*, 984 F.2d at 1171; *In re Hyatt*, 708 F.2d at 715. For that same reason, the construction of claim 17 in ImmerVision's prior case against LG is irrelevant. The "combination" requirement of § 112(6) was never identified, briefed, or ruled on in that case with

9

respect to any claim. If that requirement is not met—as is the case here—then § 112(6) does not apply and corresponding structure is irrelevant.[2] *In re Hyatt*, 708 F.2d at 715.

For all these reasons, nothing in the '990 Patent specification or the parties' claim-construction briefing can change how ImmerVision drafted claim 21. Claim 21 includes means-plus-function language but only recites a single means. As with all single-means claims, claim 21 is categorically invalid for lack of enablement. *In re Hyatt*, 708 F.2d at 715. Because the Court already has all the relevant facts before it and further fact discovery in this matter would be both unnecessary and inefficient, the Court should decide this issue now under Rule 12(c). *Parallel Networks*, 83 F. Supp. 3d at 573.

## VI. CONCLUSION

Apple requests the Court grant its motion for judgment on the pleadings and determine that claim 21 of the '990 Patent is an improper single-means claim and, therefore, invalid as a matter of law for lack of enablement.

---

[2] If the Court resolves the predicate issue of whether claim 21 is a single-means claim in Apple's favor, it need not reach the parties' claim-construction dispute about corresponding structure because § 112(6) would not govern.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Michael T. Pieja
Doug Winnard
Shaun Zhang
Jennifer M. Hartjes
GOLDMAN ISMAIL TOMASELLI
  BRENNAN & BAUM LLP
200 South Wacker Drive, 22nd Floor
Chicago, IL 60606
Tel: (312) 681-6000

Kenneth A. Kuwayti
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 813-5600

Karina N. Pundeff
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, CA 92130
Tel: (858) 720-5100

Dated: June 15, 2023
10835796/12209.00047

By: */s/ Bindu A. Palapura*
　　David E. Moore (#3983)
　　Bindu A. Palapura (#5370)
　　Andrew L. Brown (#6766)
　　POTTER ANDERSON & CORROON LLP
　　Hercules Plaza, 6th Floor
　　1313 N. Market Street
　　Wilmington, DE 19801
　　Tel: (302) 984-6000
　　dmoore@potteranderson.com
　　bpalapura@potteranderson.com
　　abrown@potteranderson.com

*Attorneys for Defendant Apple Inc.*