# EXHIBIT A

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IMMERVISION, INC.<br><br>                       *Plaintiff,*<br>      v.<br>APPLE, INC.,<br>                       *Defendant.* | ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:21-cv-1484-MN-CJB<br><br>JURY TRIAL DEMANDED |
| IMMERVISION, INC.<br><br>                       *Plaintiff,*<br>      v.<br>APPLE, INC.,<br>                       *Defendant.* | ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:21-cv-1570-MN-CJB<br><br>JURY TRIAL DEMANDED |
| IMMERVISION, INC.<br><br>                       *Plaintiff,*<br>      v.<br>APPLE, INC.,<br>                       *Defendant.* | ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:21-cv-01733-MN-CJB<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff ImmerVision, Inc. ("ImmerVision") hereby requests Defendant Apple Inc. ("Apple" or "Defendant")) to produce for inspection, copying and testing within 30 days, the documents and things set forth below that are in Defendant's possession, custody or control, at the offices of Panitch Schwarze Belisario & Nadel, LLP, Wells Fargo Tower, 2200 Concord Pike, Suite 201, Wilmington, Delaware 19803.

## DEFINITIONS

1. "ImmerVision" means ImmerVision, Inc. and its agents, representatives and attorneys, including all persons acting on its behalf.

2. "Apple" means Apple Inc. and its agents, officers, employees, representatives and attorneys and any predecessor or successor companies, corporation or business entities; "Apple" shall also include any subsidiary, division, company, corporation or other business entity affiliated therewith or owned by it in whole or in part, or which owns or controls or is owned or controlled by it in whole or in part, and the directors, officers, agents, employees and attorneys of any of them, including all persons acting or purporting to act on behalf of, or who are subject to the direction or control of, any of the foregoing.

3. "Accused Product" means the Apple iPhone 11; iPhone 11 Pro; iPhone 11 Pro Max; iPhone 12; iPhone 12 Mini; iPhone 12 Pro; iPhone 12 Pro Max; iPhone 13; iPhone 13 Mini; iPhone 13 Pro; and iPhone 13 Pro Max smartphones; the iPad 2021 tablet; and any other phones or devices having the same Ultra Wide lens apparatus as any of the phones or tablets specifically identified in this paragraph.

4. "Ultra Wide lens apparatus" means the lens apparatus found within the camera of each Accused Product that Apple advertises as "Ultra Wide," as opposed to the cameras advertised as Wide or Telephoto. *See, e.g.,* https://www.apple.com/iphone-13-pro/key-features/.

5. The "'990 patent" means U.S. Patent No. 6,844,990 titled "Method for Capturing and Displaying a Variable Resolution Digital Panoramic Image".

6. The "'120 patent" means U.S. Patent No. 10,795,120 titled "Miniature Wide-Angle Imaging Lens".

7. The terms "Patents-in-suit" and "Asserted Patents" refer to the '120 patent and the '990 patent.

8. "Person" or "persons" refer to any and all individuals and entities, including without limitation individuals, representative persons, associates, companies, corporations, partnerships, limited partnerships, joint ventures, trusts, estates, public agencies, departments, divisions, bureaus and boards.

9. "Relate to" (or a form thereof) means referencing, constituting, reflecting, supporting, contradicting, referring to, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, regarding or relevant to.

10. "Communication" means any exchange, transmission or receipt (whether as listener, addressee, person called or otherwise) of information, whether such exchange, transmission or receipt be oral, written or otherwise, and includes, without limitation, any meeting, conversation, telephone call, letter, telegram, exchange, transmission or receipt of any document of any kind whatsoever.

11. "Document" means any handwritten, printed, typed, recorded, photographic, computer generated, or other graphic matter of any kind or nature, however produced or reproduced, including, but not limited to, books, ledgers, notebooks, letters, faxes, telexes, correspondence, telegrams, contracts, agreements notes, memoranda, analyses, reports, projections, charts, graphs, drawings, photographs, videotapes, movies, audiotapes, checks, statements, statements of accounts, inter-office and intra-office communications, offers, notes of conversations, notes of meetings, notes of telephone calls, bulletins, computer programs, computer printouts, teletypes, invoices, work sheets, work papers, diaries, calendars, minutes, reports of investigations, office manuals, and any other communications fixed in a tangible medium, including but not limited to material stored electronically or electromagnetically as well as all mechanical and electronic sound records, or transcripts thereof, from which information

can be obtained, as defined by the Federal Rules of Evidence, Rule 1001(1) and (2); "document" shall also include all drafts, alterations, modifications, changes, and amendments of any of the foregoing; a documents shall also include any and all things subject to discovery pursuant to Rule 34(a) of the Federal Rules of Civil Procedure; "document" shall also include all "documents" (as defined herein) now in the possession, custody or control of the defendant, jointly or severally, or in the possession, custody or control of the present or former counsel, agents, employees or others acting on behalf of the defendant, jointly and/or severally, and shall also include all "documents" (as defined herein) known by the defendant, jointly and/or severally, to exist, whether or not ever in the possession of the defendant, jointly or severally; "document" shall also include all copies of all documents by whatever means made.

12. Any document bearing on any sheet or side thereof, any marks, including without limitation, initials, stamped indicia, comments or notations of any character which are not part of the original text, or any reproduction thereof, is to be considered a separate document.

13. As used herein, the conjunctions "and" and "or" shall be interpreted conjunctively or disjunctively, as appropriate, so as not to exclude any documents or information otherwise within the scope of these requests.

14. "Date" means the exact day, month and year if ascertainable, or, if not, the best approximation thereof in relation to other events.

15. The terms "identify," "describe," "state," "set forth," or similar instructions or terms means to describe and state fully with all relevant details by reference to underlying facts, rather than merely by reference to ultimate facts, conclusions or generalities (as to the time, place or manner unless the context clearly indicates otherwise).

16. The term business "entity" means a partnership, corporation, proprietorship, professional limited liability corporations, association, subsidiary, division or any other business organization, whether formal or informal.

17. The masculine includes the feminine and vice versa; the singular includes the plural and vice versa.

18. As used herein, the term "control" or "controlled" means the power or ability of the defendant, jointly and severally, to direct the actions, management, or policies of any person, firm or corporation.

19. All accounting terms, legal terms, engineering terms and other technical terms associated with a particular industry, profession or identifiable body of knowledge shall have the meanings customarily and ordinarily associated with those terms within that industry, profession or discipline.

## **INSTRUCTIONS**

1. Every reference to a business corporation, a non-profit corporation, an authority or other entity, shall also include all shareholders, directors, officers, managers, employees, servants, representatives, agents and/or other persons associated or affiliated with such entity.

2. Each document is to be produced along with all drafts thereof in its entirety, without abbreviation or redaction.

3. In the event that any document called for by the Requests is to be withheld on the basis of a claim of privilege or work product protection, that document shall be identified by stating: (i) each addressor and addressee; (ii) any indicator or blind copy; (iii) the document's date, subject matter, number of pages and attachments or appendices; (iv) all persons to whom

the document was distributed, shown or explained; (v) its present custodian; and (vi) the nature of the privilege being claimed.

4. In the event that any document called for by these Requests has been lost, destroyed or discarded, that document is to be identified by stating: (i) any addressor and addressee; (ii) any indicated or blind copies (iii) the document's date, subject matter, number of pages and attachments or appendices; (iv) all persons to whom the document was distributed, shown or explained; (v) the date of loss, destruction or discard, manner of destruction or discard, and reason for destruction or discard; (vi) the persons who were authorized to carry out such destruction or discard; and (vii) whether any copies of the document presently exist and if so, the name of the custodian of each copy.

5. These Requests shall be deemed continuing so as to require further and supplemental production in accordance with the Federal Rules of Civil Procedure.

## DOCUMENTS TO BE PRODUCED

**REQUEST NO. 1**

All specification sheets, specifications, technical manuals, and assembly manuals regarding the Ultra Wide lens apparatus, associated image sensor, and/or Ultra Wide image capture capabilities of the Accused Products.

**REQUEST NO. 2**

Each document that refers to, relates to, or comments upon the development or supply of the Ultra Wide lens apparatus, associated image sensor, and/or Ultra Wide image capture capabilities of each Accused Product.

**REQUEST NO. 3**

Each document that refers to, relates to, or comments upon the advertising, marketing, distribution, sale, or offer for sale, of each Accused Product based at least in part on it having Ultra Wide or wide-angle image capture capabilities.

**REQUEST NO. 4**

Each document exchanged between Apple and its third party supplier(s) that refers to, relates to, or comments upon the Ultra Wide lens apparatus, associated image sensor, and/or Ultra Wide image capture capabilities of any Accused Product.

**REQUEST NO. 5**

Each document that refers to, relates to, or comments upon the testing of each Accused Product relating to the Ultra Wide lens apparatus, associated image sensor, and/or Ultra Wide image capture capabilities of the Accused Product.

**REQUEST NO. 6**

Each document that refers to, relates to, or comments upon either of the Patents-in-Suit.

**REQUEST NO. 7**

Each document that refers to, relates to, or comments upon any opinion concerning the scope, validity, invalidity, infringement, noninfringement, enforceability and/or unenforceability of either of the Patents-in-Suit.

**REQUEST NO. 8**

Each document that refers to, relates to, or comments upon any prior art search concerning either of the Patents-in-Suit or the subject matter disclosed or claimed therein, including, but not limited to, every prior art document uncovered by such search.

**REQUEST NO. 9**

Each document that refers to, relates to, or comments upon these civil actions, that is Civil Action No. 1:21-cv-1484-MN-CJB, Civil Action No. 1:21-cv-01570-MN-CJB, and Civil Action No. 1:21-cv-01733-MN-CJB ("Civil Action") currently pending in the United States District Court for the District Delaware, including any oral or written communications between Apple and any third party concerning these civil actions.

**REQUEST NO. 10**

Any agreement to which Apple is a party regarding indemnification for any liability or damages, including but not limited to legal expenses, that may be implicated by a claim of patent infringement with respect to either of the Patents-in-Suit.

**REQUEST NO. 11**

Each document that refers to, relates to, or comments upon any request made to or by Apple for indemnification for any liability or damages due to any claim of patent infringement with respect to either of the Patents-in-Suit and/or ImmerVision.

**REQUEST NO. 12**

From the period October 22, 2021 to May 10, 2022, with respect to each iPhone 13 Pro and 13 Pro Max ("1484 Action Accused Products") that was made, sold, offered for sale, imported, or used by Apple in the United States, documents sufficient to determine the following:

- (a) the number of units made, sold, offered for sale, imported, or used for each such 1484 Action Accused Product;
- (b) the selling price of each 1484 Action Accused Product made, sold, offered for sale, imported, or used;
- (c) the costs associated with the sale of each 1484 Action Accused Product made, sold, offered for sale, imported, or used; and
- (d) the profits associated with the sales of each 1484 Action Accused Product made, sold, offered for sale, imported, or used.

**REQUEST NO. 13**

From the period November 3, 2021 to the present, with respect to each iPhone 11, 11 Pro, 11 Pro Max, 12, 12 Mini, 12 Pro, 12 Pro Max, 13, 13 Mini, 13 Pro, and 13 Pro Max and iPad 2021 tablet ("1570 Action Accused Products") that was made, sold, offered for sale, imported, or used by Apple in the United States, documents sufficient to determine the following:

- (a) the number of units made, sold, offered for sale, imported, or used for each such 1570 Action Accused Product;
- (b) the selling price of each 1570 Action Accused Product made, sold, offered for sale, imported, or used;
- (c) the costs associated with the sale of each 1570 Action Accused Product made, sold, offered for sale, imported, or used; and
- (d) the profits associated with the sales of each 1570 Action Accused Product made, sold, offered for sale, imported, or used.

**REQUEST NO. 14**

From the period October 22, 2021 to May 10, 2022, with respect to each iPhone 12, 12 Mini, 12 Pro, 12 Pro Max, 13, and 13 Mini and iPad Pro 2021 ("1733 Action Accused Products") that was made, sold, offered for sale, imported, or used by Apple in the United States, documents sufficient to determine the following:

(a) the number of units made, sold, offered for sale, imported, or used for each such 1733 Action Accused Product;

(b) the selling price of each 1733 Action Accused Product made, sold, offered for sale, imported, or used;

(c) the costs associated with the sale of each 1733 Action Accused Product made, sold, offered for sale, imported, or used; and

(d) the profits associated with the sales of each 1733 Action Accused Product made, sold, offered for sale, imported, or used.

**REQUEST NO. 15**

From the period October 22, 2021 to May 10, 2022, with respect to each 1733 Action Accused Product sold at any time, the number of 1733 Action Accused Products used by customers or other third parties to capture a digital image using the Ultra Wide angle camera found in the 1733 Action Accused Product.

**REQUEST NO. 16**

From the period October 22, 2021 to May 10, 2022, with respect to each 1733 Action Accused Product sold at any time, the number of 1733 Action Accused Products used by customers or other third parties to display a digital image captured by the Ultra Wide angle camera found in the 1733 Action Accused Product.

**REQUEST NO. 17**

Each document for which identification was requested by, or which forms the basis for Apple's response to, any interrogatory addressed by ImmerVision to Apple.

**REQUEST NO. 18**

All documents concerning any feature, advantage, or performance of the Ultra Wide lens apparatus, associated image sensor, and/or Ultra Wide image capture capabilities of any Accused Product.

**REQUEST NO. 19**

All documents referring to, relating to or commenting upon any evaluation, investigation, study or test concerning the infringement of claims of either of the Patents-in-Suit by any of the Accused Products, including, but not limited to, all documents referring to, relating to or providing the basis for any contention by Apple that any of the one or more of the Accused Products is not within the scope of any asserted claim of the Patents-in-Suit.

**REQUEST NO. 20**

All documents referring to, relating to, or commenting upon Apple's document retention policy.

**REQUEST NO. 21**

Documents sufficient to establish Apple's first knowledge or awareness of each of the Patents-in-suit, any foreign patents corresponding to the Patents-in-suit, any applications for the Patents-in-Suit, or any foreign patent applications corresponding to the applications for the Patents-in-Suit.

**REQUEST NO. 22**

All license agreements entered into by Apple, and any other documents referring to, relating to or commenting upon any such agreement, concerning the wide-angle or panoramic

image capture capabilities of any product, including, but not limited to, possible licenses, patent licenses, manufacturing agreements, assignments, and covenants not to sue.

**REQUEST NO. 23**

All documents referring to, relating to or commenting upon any royalty payments or license fees paid or received by Apple for any of the Ultra Wide lens apparatus, associated image sensor, and/or Ultra Wide angle image capture capabilities of the Accused Product.

**REQUEST NO. 24**

All documents referring to, relating to or commenting upon any product that Apple contends to be a non-infringing substitute for each Accused Product at issue in this litigation, including but not limited to the specifications of any such product and the performance advantages or disadvantages of any such product.

**REQUEST NO. 25**

For each person Apple intends to use as a witness in this case, all non-privileged documents of such person referring or relating to this case, or any issues in this case, including any matters about which any such person will testify in this case in deposition, at trial, or otherwise, all documents reviewed or consulted by or on behalf of such person as a part of any participation in this case, and all things provided to such person, by Apple or any agent of Apple (including counsel for Apple), in connection with this case.

**REQUEST NO. 26**

For each person Apple intends to use as an expert witness in this case, all publications, articles, books, papers, materials, or things authored, co-authored, edited or otherwise generated by such person that refer or relate to any opinions or testimony of any such person rendered or to be rendered in this case; all transcripts, including all exhibits thereto, of any trial or deposition

testimony of such person in any prior litigation; all materials reviewed or consulted by or on behalf of such person as a part of any participation in this case; all documents or things upon which such person has relied or upon which any such person intends to rely in deposition, at trial, or otherwise in this case; all materials upon which any opinions or testimony of such person in this case are based; all documents or things provided to such person, or any agent of such person, by Apple or any agent of Apple (including Apple's counsel), in connection with this case; and all resumes, curricula vitae or other documents listing the education, experience or training of such person.

**REQUEST NO. 27**

All documents referring to, relating to, or commenting upon any Ultra Wide lens apparatus, associated image sensor, and/or Ultra Wide image capture capabilities, or any components thereof, of the Accused Product being manufactured by any third party, including documents sufficient to identify any responsive third party.

**REQUEST NO. 28**

All documents referring to, relating to, or commenting upon the importation into the United States of each Accused Product.

**REQUEST NO. 29**

All documents referring to, relating to, or commenting upon Apple's company policy on patent licensing.

**REQUEST NO. 30**

All non-source-code documents referring to, relating to, or commenting upon the software and function associated with the Ultra Wide camera, Ultra Wide lens apparatus, associated image sensor, and/or Ultra Wide image capture capabilities of the Accused Products.

**REQUEST NO. 31**

All consumer surveys, consumer preference studies, consumer purchase decision studies, evaluations of feature importance, evaluations of feature value, and evaluations of feature usage (whether prepared by Apple or third parties) associated with the Ultra Wide angle camera technology in the Accused Products.

**REQUEST NO. 32**

All market studies or comparisons of the Ultra Wide angle camera technology of any of the Accused Products to the camera technology of any other product offered by Apple or any other entity.

**REQUEST NO. 33**

All business plans, sales forecasts, sales projections, cost studies, or other financial analyses prepared in connection with any of the Accused Products or the Ultra Wide image capture capabilities within any of the Accused Products.

**REQUEST NO. 34**

Profit and loss statements for Apple's mobile smartphone division or business unit.

**REQUEST NO. 35**

Profit and loss statements for Apple's tablet division or business unit.

**REQUEST NO. 36**

Two samples of each of the following products in their original packaging: iPhone 11, 12, 13, and 13 Pro, and iPad 2021.

**REQUEST NO. 37**

All documents referring to, relating to, or commenting upon ImmerVision or communications with ImmerVision.

**REQUEST NO. 38**

Each document that refers to, relates to, or comments upon Civil Action Nos. 1:18-cv-01630-MN-CJB and/or 1:18-cv-01631-MN-CJB (*ImmerVision, Inc. v. LG Electronics U.S.A., Inc. et al*), currently pending in the United States District Court for the District Delaware, including any oral or written communications between Apple and any third party concerning these civil actions.

| | |
|---|---|
| Dated: July 26, 2022 | PANITCH SCHWARZE BELISARIO & NADEL LLP |
| | */s/ John D. Simmons* |
| | John D. Simmons (#5996)<br>Dennis J. Butler (#5981)<br>Keith A. Jones (*admitted pro hac vice*)<br>Wells Fargo Tower<br>2200 Concord Pike, Suite 201<br>Wilmington, DE 19803<br>Telephone: (302) 394-6030<br>Facsimile: (302) 394-6031<br>jsimmons@panitchlaw.com<br>dbutler@panitchlaw.com<br>kjones@panitchlaw.com |
| | ***Counsel for Plaintiff ImmerVision, Inc.*** |

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 26, 2022, I sent by electronic mail the foregoing document, Plaintiff's First Set of Requests For Production To Defendant, to the following:

| GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP | POTTER ANDERSON & CORROON, LLP |
|---|---|
| Doug J. Winnard (*Admitted pro hac vice*) | David E. Moore |
| Jennifer M. Hartjes (*Admitted pro hac vice*) | Bindu Ann Palapura |
| Michael T. Pieja (*Admitted pro hac vice*) | Brandon R. Harper |
| Shaun Zhang (*Admitted pro hac vice*) | Hercules Plaza |
| 200 South Wacker Drive, 22nd Floor | 1313 North Market Street, 6th Floor |
| Chicago, IL 60606 | P.O. Box 951 |
| Email: dwinnard@goldmanismail.com | Wilmington, DE 19801 |
| Email: jhartjes@goldmanismail.com | Email: dmoore@potteranderson.com |
| Email: mpieja@goldmanismail.com | Email: bpalapura@potteranderson.com |
| Email: Szhang@goldmanismail.com | Email: bharper@potteranderson.com |
| | *Counsel for Defendant Apple, Inc.* |

/s/ John D. Simmons

John D. Simmons

*Counsel for Plaintiff ImmerVision, Inc.*