# EXHIBIT C



Keith Jones
(215) 965-1379/fax: (215) 965-1331
kjones@panitchlaw.com

September 23, 2022

**<u>Via Electronic Mail to *szhang@goldmanismail.com*</u>**
Shaun Zhang, Esq.
Goldman Ismail Tomaselli Brennan & Baum LLP
200 South Wacker Drive, 22nd Floor
Chicago, IL 60606

      Re:      *ImmerVision, Inc. v. Apple Inc.*,
                   Civil Action Nos. 1:21-cv-1484, 1570, and 1733-MN-CJB (D. Del.)

Dear Shaun:

      We write in response to Michael's September 16 letter and your email of this morning. In short, we disagree with Apple's interpretation of the law set forth in the September 16 letter. None of the cases cited by Apple, nor any case we can locate, examines the issue of delaying technical document production when Delaware's standard patent disclosure schedule has already been set. If Apple had concerns over producing technical information, it should have raised them during our lengthy Protective Order negotiation. Given that Apple already agreed to a case schedule and the Court entered the negotiated Protective Order to govern confidential information, we do not see any reason to deviate from the schedule already in place.

      Our position is similar for the request regarding lens-definition files. These files are not source code and are no different than product specifications that must be produced in every patent infringement case. Again, the need to produce these files was known when we negotiated the Protective Order. Given that we all agreed to that Protective Order and we and our experts will abide by it, we see no reason to treat these files any differently.

      Best regards,

      *Keith A Jones*
      Keith Jones