# EXHIBIT F

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IMMERVISION, INC.<br><br>      *Plaintiff,*<br> v.<br>APPLE INC.,<br>      *Defendant.* | ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 21-1484-MN-CJB<br><br>JURY TRIAL DEMANDED |
| IMMERVISION, INC.<br><br>      *Plaintiff,*<br> v.<br>APPLE INC.,<br>      *Defendant.* | ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:21-cv-1570-MN-CJB<br><br>JURY TRIAL DEMANDED |
| IMMERVISION, INC.<br><br>      *Plaintiff,*<br> v.<br>APPLE INC.,<br>      *Defendant.* | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:21-cv-01733-MN-CJB<br><br>JURY TRIAL DEMANDED |

**STIPULATION AND [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff ImmerVision, Inc. ("ImmerVision'") and Defendant Apple Inc., ("Apple") (collectively, the "Parties," or individually, a "Party") agree to the entry of this Supplemental Protective Order to facilitate and

expedite discovery of source code and materials requiring similar protections in the actions captioned above (the "Actions").

IT IS ORDERED THAT:

1. This Supplemental Protective Order supplements and incorporates by reference the Protective Order entered by the Court on August 26, 2022 (D.I. 40, 35, 60 in the -1484, -1570, -1733 actions, respectively).

2. Definitions.

   a. "Protected Information," previously defined in the Protective Order, also means any Discovery Material that is designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" as provided for in this Order.

   b. "Source Code" means computer code, scripts, assembly, binaries, object code, source code listings (e.g., file names and path structure), descriptions of source code (e.g., descriptions of declarations, functions, and parameters), object code listings and descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and Computer Aided Design (CAD) files that describe the hardware design of any component, including files that specify the design of a lens or other optical apparatus and which may be viewed and used by optical design software such as Zemax OpticStudio.

3. Designations.

   a. Protected Information that includes confidential, proprietary, and/or trade secret Source Code may be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE." Protected Information designated as such will be accorded the same protections and requirements as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information provided for in the Protective Order, in addition to the provisions of this

**AGREED PROTECTIVE ORDER – PAGE 2**

Supplemental Protective Order. Access to Protected Information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" should be limited to those persons designated in and under the conditions set forth in ¶¶ 4 and 5, below.

4. Unless otherwise ordered by the Court, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE Information may be disclosed only to:

    a. Outside Counsel of record (identified in the signature blocks below) for named parties to this action, provided that such Outside Counsel is not involved in competitive decision-making (meaning, for purposes of this paragraph, pricing decisions, sales, marketing, product design or development, or technical research and development), and stenographic, clerical, and legal assistant employees or contractors of those attorneys whose functions require access to such information working at the direction of such counsel;

    b. Outside experts or consultants who are not regular officers, directors, or employees of a named Party to this action or a competitor of a Party (nor anticipated at the time of retention to become officers, directors, or employees of a Party or a competitor of a Party), who are not involved in competitive decision-making (meaning, for purposes of this paragraph, pricing decisions, sales, marketing, product design or development, or technical research and development), on behalf of a Party or a competitor of a Party, and who are retained by a named Party or its counsel, such as independent technical experts whose advice and consultation are being or will be used by such Party or its counsel in connection with this action; provided that disclosure is only to the extent necessary to perform such work; and provided that disclosure to such experts or consultants shall be made only to such experts or consultants after obtaining a signed Agreement To Abide By Stipulation And Protective Order in the form of Exhibit A

attached to the August 26, 2022, Protective Order from each such expert or consultant who would require access to CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE Information, that such expert or consultant accesses HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE materials in the United States only and does not transport them to or access them from any foreign jurisdiction, and that no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 21 of the August 26, 2022, Protective Order. Counsel shall retain in his or her file the original of each such signed Agreement To Abide By Stipulation and Protective Order;

      c.      The Court, authorized staff, and jury;

      d.      Court reporters, stenographers, and videographers to the extent necessary to perform their work;

      e.      Any mediator (who is not a U.S. District or Magistrate Judge or his or her staff) who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

      f.      Any other person with the prior written consent of the Producing Party.

      5.      Disclosure and Review of Source Code

      a.      Any Source Code that is produced by Plaintiff shall be made available for inspection in electronic format at the ==Wilmington== office of its outside counsel, Panitch Schwarze

**AGREED PROTECTIVE ORDER – PAGE 4**

Belisario & Nadel LLP, or any other location mutually agreed by the Parties. Any Source Code that is produced by Apple Inc. will be made available for inspection at the Chicago office of its outside counsel, Goldman Ismail Tomaselli Brennan & Baum LLP, or any other location mutually agreed upon by the Parties. Source Code will be made available for inspection between the hours of 9 a.m. and 6 p.m. on business days (i.e., weekdays that are not Federal holidays), although the Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times.

    b. Prior to the first inspection of any requested Source Code, the Receiving Party shall provide thirty (30) days notice of the Source Code that it wishes to inspect. The Receiving Party shall provide fourteen (14) days notice prior to any additional inspections.

    c. Source Code that is designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

      i. All Source Code shall be made available by the Producing Party to the Receiving Party's outside counsel and/or experts in a secure room on a secured computer without Internet access or network access to other computers and on which all access ports have been disabled (except for one printer port), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room"). The Producing Party shall install tools that are sufficient for viewing and using the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business. For lens-design files in this case, the Producing Party shall install Zemax OpticStudio or a

**AGREED PROTECTIVE ORDER – PAGE 5**

similar optical design software tool sufficient to view and/or use the produced files (e.g., Synopsys Code V). For other types of Source Code, the Receiving Party's outside counsel and/or experts may request that commercially available software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least twenty-one (21) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

        ii.     No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.

        iii.     The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer.

        iv.     The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way.

        v.     No copies of all or any portion of the Source Code may leave the

**AGREED PROTECTIVE ORDER – PAGE 6**

room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein. The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code. The Receiving Party may print limited portions of the Source Code only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report). For lens-design files relevant to this case, the Receiving Party may not print information relating to the prescription of the lenses described in the produced files (for avoidance of doubt, including the raw lens data contained in such lens-design files), but may print the outputs of Zemax OpticStudio or a similar optical design software (e.g., cross-section diagrams of the lens, ray-tracing diagrams, or graphs of optical properties such as image point distribution relative to field angle, relative illumination, or MTF). For other types of Source Code, any printed portion that consists of more than five (5) pages of a continuous block of Source Code shall be presumed to be excessive, and the burden shall be on the Receiving Party to demonstrate the need for such a printed copy. The Receiving Party may print out no more than 20 pages total of Source Code. The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted only when necessary to prepare court filings or pleadings, or other papers (including a testifying expert's expert report). Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party. The Producing Party shall Bates number, copy, and label "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY – SOURCE CODE" any pages

**AGREED PROTECTIVE ORDER – PAGE 7**

printed by the Receiving Party. Within fourteen (14) days, the Producing Party shall either (i) provide one copy set of such pages to the Receiving Party or (ii) inform the Requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection(s), the Receiving Party shall be entitled to seek a Court resolution of whether the printed Source Code in question is narrowly tailored and was printed for a permitted purpose. The burden shall be on the Receiving Party to demonstrate that such printed portions are no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere. The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

vi.   All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any other disclosure required under this Order. All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart.

vii.   Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room. The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior

agreement to that effect. Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer containing Source Code. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure room or the Source Code Computer may be denied, at the discretion of the Producing Party, to any individual who fails to provide proper identification.

       viii. Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device. The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its outside counsel of record.

       ix. The Receiving Party's outside counsel of record may make no more than three (3) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 5(c)(v), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. Upon one (1) day's advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

       x. The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet

**AGREED PROTECTIVE ORDER – PAGE 9**

at all times when it is not in use. No more than a total of ten (10) individuals identified by the receiving party shall have access to the printed portions of Source Code (except insofar as such code appears in any court filing or expert report).

xi.   For depositions, the Receiving Party shall not bring copies of any printed Source Code. Rather, at least ten (10) days before the date of the deposition, the Receiving Party shall notify the Producing Party about the specific portions of Source Code it wishes to use at the deposition, and the Producing Party shall bring printed copies of those portions to the deposition for use by the Receiving Party. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code brought to the deposition shall remain with the Producing Counsel's outside counsel for secure destruction in a timely manner following the deposition.

xii.   Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code). Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers whenever possible. If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code and such Source Code will not be filed absent agreement from the Producing Party that the confidentiality protections will be adequate. If a Producing Party

**AGREED PROTECTIVE ORDER – PAGE 10**

agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order. Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored. Additionally, any such electronic copies must be designated "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY – SOURCE CODE" as provided for in this Order.

**SO ORDERED.**

**AGREED PROTECTIVE ORDER – PAGE 11**