





July 19, 2023

**BY CM/ECF & HAND DELIVERY**
The Honorable Christopher J. Burke
844 N. King Street
Wilmington, DE 19801-3555

Re: *ImmerVision, Inc. v. Apple Inc., C.A. 1:21-cv-1484, 1570, and 1733-MN-CJB*

Dear Judge Burke:

We write in reply to Apple's July 12, 2023, letter (D.I. 126). Apple's primary argument is that the Zemax files in dispute are entitled to extra protection because they can be used to manufacture the accused products. Such concerns are addressed by the existing Protective Order ("PO"). The PO includes an Attorneys' Eyes Only ("AEO") category for "competitively sensitive" information, such as "trade secrets," the disclosure of which to competitors would be "injurious to" the disclosing party. (D.I. 40, ¶ 10.b.). It also automatically places technical information like the documents at issue under a patent prosecution bar (¶ 7) and allows for a further "export controlled" designation for "highly sensitive technical information" (¶ 8).

These AEO protections adequately safeguard the Zemax files. The PO prevents against "inadvertent disclosure" (*compare* D.I. 126 at 2 *with* D.I. 40 ¶ 6). The PO allows for "access controls beyond those applicable to other confidential or proprietary material" (D.I. 126 at 2) through the AEO and other designations listed above. The PO limits disclosure of this material on a "need-to-know basis to a limited subset" (*Id.*) of individuals.[1] The PO is also a "contractual obligation[] to maintain the secrecy" (*Id.*) of the files. These are the standard concerns that apply to the design information in every patent case and are addressed by the AEO designation. As such, there is no reason to impose additional burdens on ImmerVision's experts and counsel.

The burdens on ImmerVision are real if Apple's enhanced AEO restrictions are required. The proposed restrictions limit access to specific times at a terminal in Chicago. Apple's response indicates additional possibilities for review in Santa Monica or Delaware, but the Undersigned's recollection is that these offers were floated by outside counsel prior to approval by Apple, then withdrawn. Apple's only concrete proposal was time-restricted access in Chicago with no ability to export data. But even these withdrawn proposals are overly burdensome for counsel and the experts considering the Zemax files.

It was Apple who refused to negotiate further restrictions. The parties held multiple meet-and-confers on this issue, which Apple omitted from the email string it attached as Exhibit C. ImmerVision's counsel asked for possibilities surrounding alternate locations, secure remote access, or limited ability to export certain data from the files. All were rejected.

Finally, the *Fraunhofer-Gesellschaft* case cited by Apple is inapposite as explicitly dealing with source code. 2017 WL 4564742. Here, the Zemax files are design schematics, not computer code. Additionally, Apple admits the *Corephotonics* case did not involve a dispute because "the parties agreed" on the added burdens. Agreement has not been reached here.

---

[1] ImmerVision would be willing to further limit disclosure of the Zemax files to its outside counsel and a single technical expert, if needed.

Respectfully submitted,

*/s/ John D. Simmons*
John D. Simmons (#5996)

cc: All Counsel of Record (by CM/ECF)