IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IMMERVISION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 21-1484 (MN) (CJB) |
| APPLE INC. | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

John David Simmons, Dennis James Butler, Keith Aaron Jones, Ikenna C. Ejimonyeugwo, PANITICH SCHWARZE BELISARIO & NADEL LLP, Wilmington, DE: Philip L. Hirschhorn PANITICH SCHWARZE BELISARIO & NADEL LLP, Philadelphia, PA – Attorneys for Plaintiff

David Ellis Moore, Bindu Ann George Palapura, POTTER ANDERSON & CORROON, LLP, Wilmington, DE: Caleb A. Kennedy, Doug Winnard, Karina N. Pundeff, Michael T. Pieja, Xaviere N. Giroud, GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP, Chicago, IL – Attorneys for Defendant

February 11, 2026
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

This case involves a seldom-invoked doctrine of patent law: the single-means doctrine. While this case was referred to Judge Burke (and while the parties' claim construction issues were pending) Apple moved for Judgment on the Pleadings that Immervision's sole asserted claim is invalid for lack of enablement because it is a single-means claim. Judge Burke agreed and recommended granting Apple's Judgment on the Pleadings. That recommendation, if adopted, would be case dispositive. Immervision objected. The question now before the Court is whether to adopt Judge Burke's recommendation.

For the reasons set forth below, Immervision's objections are OVERRULED, the Report is ADOPTED, Apple's Renewed Motion for Judgment on the Pleadings is GRANTED, and the parties' Claim Construction Motions are DENIED as MOOT.

**I.  BACKGROUND**

Judge Burke's report and recommendation ("the Report") sets forth a detailed description of the procedural history and factual background. (D.I. 255 at 1-4). As the parties have not objected to those sections of the Report and the Court finds no clear error in them, the Court adopts those sections and incorporates them by reference. (*Id.*). A condensed background is below.

**A.  Factual Background**

Claim 21 of U.S. Pat. No. 6,844,990 ("the '990 Patent) is the only asserted claim in this case. (D.I. 123 at 2 ("ImmerVision asserts only dependent claim 21 of the '990 Patent in this case."); D.I. 255 at 5). Although this is not the first time Immervision has asserted Claim 21 in

this Court,[1] it is the first time a party Immervision sued has raised the single means doctrine. Claim 21, which depends on now-cancelled Claim 17,[2] reads:

> **17**. A panoramic objective lens comprising:
> optical means for projecting a panorama into an image plane of the objective lens, the optical means having an image point distribution function that is not linear relative to the field angle of objective points of the panorama, the distribution function having a maximum divergence of at least ±10% compared to a linear distribution function, such that a panoramic image obtained by means of the objective lens comprises at least one substantially expanded zone and at least one substantially compressed zone.
>
> **21**. The panoramic objective lens according to claim **17**, wherein the lens compresses the center of the image and the edges of the image, and expands an intermediate zone of the image located between the center and the edges of the image.

'990 Pat. Cls. 17, 21.

A few pertinent facts about the asserted claim and the parties' positions: (1) the parties agree Claim 21 is drafted in means-plus-function format pursuant to 35 U.S.C. § 112 ¶ 6 (D.I. 175 at 17, 20); (2) the parties agree, for the purposes of this motion, that the preamble "panoramic objective lens" is limiting (D.I. 123 at 6; D.I. 128 at 9); (3) Immervision asserts the preamble should be construed as "wide-angle objective lens" (D.I. 175 at 2); (4) Immervision does not dispute that, in Claim 17, the words following "optical means for projecting a panorama into an image plane of the objective lens" merely "describe[] the characteristics of that single 'optical means'" (D.I. 255 at 12-13; *see also* D.I. 123 at 6); and (5) Immervision says that language in

---

[1] The previous case was *Immervision, Inc. v. LG Elecs. U.S.A., Inc.*, No. 18-1630 (MN) (CJB) (D. Del.).

[2] Claim 17 was cancelled after an *ex parte* reexamination initiated by Immervision in 2014. *See* (D.I. 20, Ex. A at 26). Claim 21 was not reexamined. *Id.*

dependent Claim 21 regarding compressing and expanding should *not* be read as a separate claimed function but as "a property of the output of the lens." (D.I. 265 at 27:23-28:5).

B. **Procedural Background**

While the parties' claim construction briefing was pending, Apple moved for Judgment on the Pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, arguing that Claim 21 is invalid for lack of enablement because it is a single-means claim. (D.I. 111 at 1).[3] Judge Burke agreed and issued the Report recommending granting of Apple's motion. (D.I. 255). Immervision objected to the Report but did not file "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifies the new arguments and describes the good cause for failing to previously raise the new legal/factual arguments" as required under this Court's Rule 72 Standing Order. (D.I. 259); Standing Order for Objections Filed Under Fed. R. Civ. P. 72 ¶ 5 ("Rule 72 Standing Order"). Apple responded to Immervision's objections. (D.I. 263). The Court held argument on September 18, 2025. (D.I. 265).

II. **LEGAL STANDARD**

This Court reviews a magistrate judge's report and recommendation *de novo*. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3). Neither party objected to the Report's recitation of the standard this Court uses to evaluate 12(c) motions, and the Court, finding no clear, error adopts that section of the report. (D.I. 255 at 4). In evaluating a Rule 12(c) motion:

> the Court uses the same standard that applies to a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019). That is, the Court must view all factual allegations in a complaint in the light most favorable to the non-moving party, and it may not grant the motion "unless the movant

---

[3] After the claim construction and Judgment on the Pleadings briefings were filed, the case was stayed. (D.I. 255 at 159). Once the stay was lifted, the parties adopted their prior briefing for Apple's 12(c) motion and resubmitted *Markman* briefing. (*See* D.I. 173).

3

> clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Id*. (internal quotation marks and citation omitted).
>
> When deciding a Rule 12(c) motion, just as with a Rule 12(b)(6) motion, courts may only consider "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Id*. (internal quotation marks and citation omitted). Additionally, courts may consider documents that are not attached as exhibits to the complaint if they are nevertheless "integral to or explicitly relied upon in the complaint[.]" *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotation marks, citation and emphasis omitted); *see also Wolfington*, 935 F.3d at 195.

(D.I. 255 at 4).

### III. DISCUSSION

Immervision raises three objections to the Report. ***First***, Immervision argues the Report erred in finding Claim 21 is a single-means claim. (D.I. 259 at 3-7). ***Second***, Immervision argues that even if Claim 21 is a single-means claim, the Report erred in holding that conclusion is "determinative" that Claim 21 is not enabled. (D.I. 259 at 7-8). ***Third***, Immervision argues the Report erred in finding that Apple's 12(c) motion does not violate claim construction briefing limits. (D.I. 259 at 9-10). After addressing Immervision's failure to comply with the Rule 72 Standing Order, this Court addresses each objection in turn.

#### A. Immervision's Non-Compliance with Rule 72 Standing Order

The end of the Report directed the parties to this District's Rule 72 Standing Order. (D.I. 255 at 23) ("The parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov."). The Standing Order states:

> [T]he following procedures shall apply to all objections to a Magistrate Judge's decision on dispositive and non-dispositive

4

> matters:
>
> \*   \*   \*
>
> 5. <u>Certification</u>. ***Any party filing objections with a District Judge to a Magistrate Judge's order, ruling or recommended disposition must include***, along with the objections, ***a written statement either certifying that the objections do not raise new legal/factual arguments***, or identifies the new arguments and describes the good cause for failing to previously raise the new legal/factual arguments before the Magistrate Judge.

Rule 72 Standing Order ¶ 5 (emphasis added).  Compliance with this Court's Rule 72 Standing Order is not optional; ***it is required***.  Failure to comply with the Rule 72 Standing Order carries consequences: it is an independent ground to overrule a party's objections.  *Gordian Med., Inc. v. Vaughn*, No. 22-319 (MN), 2022 WL 17084125, at \*1 (D. Del. Nov. 18, 2022); *see also Barry v. Stryker Corp.*, No. 20-1787 (RGA), 2023 WL 3224498, at \*1 (D. Del. May 3, 2023); *Rogers v. Wilmington Tr. Co.,* No. 18-116 (CFC), 2019 WL 4596650, at \*2 (D. Del. Sept. 23, 2019); *You Map, Inc. v. Snap Inc.*, No. 20-162 (CFC), 2021 WL 327388, at \*1 (D. Del. Feb. 1, 2021).

Immervision did not file the required ¶ 5 certification, and at argument Immervision's counsel admitted he did not bother to look at the Rule 72 Standing Order prior to filing Immerivision's objections. (D.I. 265 at 32:25-33:7).  That failure is inexcusable, particularly given that the Report directed the parties to the Rule 72 Standing Order.  (D.I. 255 at 23).  This "is not some arcane requirement.  It is a practical one, designed to make referrals to magistrate judges as efficient as the referral system can be." *Barry*, 2023 WL 3224498, at \*1.  And here, Immervision's failure is particularly problematic given that Immervision did, in fact, make arguments to this Court that it did not make before Judge Burke, including Immervision's new argument that the Court must analyze all "facts relating to enablement" before holding a single-means claim invalid. (D.I. 259 at 7).  Indeed, the Report expressly noted that "[c]ourts need not perform the traditional,

fact-intensive enablement inquiry in this scenario [] *and indeed here neither party is suggesting that the Court do so*[.]" (D.I. 255 at 21-22). Moreover, Immervision never argued to Judge Burke that it was "deprived of the chance to support its arguments with expert testimony on claim construction and enablement" (D.I. 259 at 3) or that there was any "underlying factual dispute" (*Id.* at 8; *see also* D.I. 259 at 10 (complaining of Apple "argu[ing] indefiniteness and noninfringement based on allegedly narrow structures disclosed in the specification, but casting it as an overly broad undefined structure here to argue for lack of enablement.")). Nor did Immervision assert that good cause exists to excuse its failure to raise these issues earlier. Immervision's failure to comply with this Court's Rule 72 Standing Order is an independent ground to overrule Immervision's objections. *Gordon Med., Inc.*, 2022 WL 17084125 at *1. Nonetheless, given the case-dispositive nature of this issue, this Court will address the merits of Immervision's objections.

      B.      <u>Single-Means Claiming</u>

Immervision contends the Report erred in finding that Claim 21 is a single-means claim. (D.I. 259 at 3-7). A single-means claim is a means-plus-function claim that claims just one element, not a combination of elements as required by 35 U.S.C. § 112 ¶ 6. (D.I. 255 at 9); *see In re Hyatt*, 708 F.2d 712, 714 (Fed. Cir. 1983) (defining single-means claim as "a claim drafted in 'means-plus-function' format yet reciting only a single element instead of a combination"); *Enfish, LLC v. Microsoft Corp.*, 9 F. Supp. 3d 1126, 1127-28 (C.D. Cal. 2014) (similar); MPEP § 2164.08(a) ("A single means claim, i.e., where a means recitation does not appear in combination with another recited element of means, is subject to an enablement rejection under 35 U.S.C. 112(a) or pre-AIA 35 U.S.C. 112, first paragraph."). "The long-recognized problem with a single means claim is that it covers every conceivable means for achieving the stated result, while the specification discloses at most only those means known to the inventor." *Hyatt*, 708 F.2d at 714.

6

Thus, single-means claims are invalid for lack of enablement. *Id.* at 715 ("The proper statutory basis for the rejection of a single means claim is the requirement of the first paragraph of § 112."); *Enfish, LLC*, 9 F. Supp. 3d at 1130 (invalidating single-means claim under 35 U.S.C. § 112(a)); *Ex Parte Manabu Iwamoto*, Appeal 2009-004015, 2010 WL 4789630 (B.P.A.I. Nov. 23, 2010) (rejecting single-means claim under 35 U.S.C. 112 ¶ 1); *Ex Parte Lev*, No. 2009-004431, 2010 WL 337240, at *7 (B.P.A.I. Jan. 28, 2010) (same).

To determine whether a claim is single-means, courts look to the claim language and analyze whether it claims multiple elements of an invention. For example, in *Enfish* the court invalidated a claim directed to a "data storage and retrieval system for a computer memory, comprising: means for configuring said memory according to a logical table . . ."[4] because the claim "list[ed] only one element after the term 'comprising'–a 'means for configuring said memory according to a logical table.'" 9 F. Supp. 3d at 1129. The claim's lengthy description of the claimed logic table did not save it because that description "only provide[d] additional descriptions of the single claimed functional element." *Id.*; *see also Hyatt*, 708 F.2d at 714 (invalidating claim as single-means when patentee admitted claim was "not drawn to a combination").[5] Similarly, in

---

[4] The full claim in *Enfish* reads: "A data storage and retrieval system for a computer memory, comprising: means for configuring said memory according to a logical table, said logical table including: a plurality of logical rows, each said logical row having an object identification number (OID) to identify each said logical row, each said logical row corresponding to a record of information; a plurality of logical columns intersecting said plurality of logical rows to define a plurality of logical cells, each said logical column having an OID to identify each said logical column; and wherein at least one of said logical rows has an OID equal to the OID of a corresponding one of said logical columns, and at least one of said logical rows includes logical column information defining each of said logical columns." 9 F. Supp. 3d at 1127.

[5] The full claim in *In re Hyatt* reads: "A Fourier transform processor for generating Fourier transformed incremental output signals in response to incremental input signals, said Fourier transform processor comprising incremental means for incrementally generating

*Ex Parte Lev*, the Board upheld rejecting a claim directed to "[a] convertible computer system, comprising: non-contact means for automatically changing an orientation of an image" under the single-means doctrine because it was not drawn to a combination.[6] No. 2009-004431, 2010 WL 337240, at *6-*7 (B.P.A.I. Jan. 28, 2010).  Appellants argued the claim was not a single-means claim because it should be read to "cover the corresponding structure, material, or acts described in the specification and equivalents thereof." *Id.*  The Board rejected that argument because "no provision saves a claim drafted in means-plus-function format which is not drawn to a combination, i.e., a single means claim." *Id.* (quoting *Hyatt* 708 F.2d at 715).

On the flip side, courts that reject a single-means challenge do so because the challenged claim language recites multiple elements of an invention.  For example, in *CBT Flint Partners v. Goodmail Systems.*, the court rejected a single means challenge because the challenged claim "include[d] both means in communication with a network for detecting, and a means for comparing any indication to an authorization list." No. 7-3124 (TWT), 2008 WL 3929808, at *6 (N.D. Ga. Aug. 20, 2008).[7]  The fact that the challenged claim included multiple verbs showed that the claim

---

the Fourier transformed incremental output signals in response to the incremental input signals." *Hyatt*, 708 F.2d at 714.

[6] The full claim in *Ex Parte Lev* reads: "A convertible computer system, comprising: non-contact means for automatically changing an orientation of an image displayed by a display element of a display member of the computer system in response to the display element being re-positioned relative to a base member of the computer system." 2010 WL 337240, at *2.

[7] The full claim in *CBT Flint Partners* reads: "An apparatus for determining whether a sending party sending an electronic mail communication to an intended receiving party is an authorized sending party, the apparatus comprising: means in communication with a network for detecting an indication of a origin of an electronic mail communication initiated by the sending party and for comparing the indication to an authorization list to determine whether or not the sending party is an authorized sending party, the authorization list corresponding to a list of sending parties from whom the intended receiving party will receive electronic mail communications, wherein the computer, upon determining that a sending party is not an authorized sending party, calculates a fee to be charged to the

recited two separate elements: a "means in communication with a network for detecting" and a "means for comparing." *Id.*

### 1. Arguments Immervision Has Conceded

Before analyzing whether Claim 21 is a single-means claim, it is important to underscore the arguments Immervision is ***not*** advancing. First, Claim 17 (from which claim 21 depends) contains a lengthy recitation[8] after "optical means for projecting a panorama into an image plane of the objective lens." '990 Pat. Cl. 17. Immervision does not dispute that the lengthy recitation following the "optical means" clause in Claim 17 "simply further describes the characteristics of that single 'optical means.'" (D.I. 255 at 13); *see also* (D.I. 123 at 6 ("[I]t is true that the words following 'comprising' all flow from the 'optical means' element[.]")); *Enfish*, 9 F. Supp. 3d at 1129 (finding that language that "only provide[s] additional descriptions of the single claimed functional element" is not a separate element).

Second, Immervision has taken the position that the language in Claim 21 regarding compressing and expanding should not be read as another claimed function; Immervision says it is "a property of the output of the lens." (D.I. 265 at 17:23-28:5); *see also* (D.I. 175 at 25-26).

With those positions in mind, the Court now turns to whether Claim 21 is a single-means claim.

---

unauthorized sending party." 2008 WL 3929808, at *1 n.3. Despite rejecting the single-means challenge, the Court invalidated this claim because the specification "lack[ed] sufficient disclosure of the structure under 35 U.S.C. § 112 ¶ 6." *Id.* at *7.

[8] That recitation is: "the optical means having an image point distribution function that is not linear relative to the field angle of objective points of the panorama, the distribution function having a maximum divergence of at least ±10% compared to a linear distribution function, such that a panoramic image obtained by means of the objective lens comprises at least one substantially expanded zone and at least one substantially compressed zone." '990 Pat. Cl. 17.

### 2.     Claim 21 Is a Single Means Claim

Here, as previously noted, everyone agrees Claim 21 is drafted in means-plus-function format. (D.I. 175 at 17, 20). The dispute centers on whether Claim 21 claims a combination of elements. (D.I. 259 at 5 ("The R&R errs in finding that the Asserted Claim contains only a single element[.]")).

Looking at the plain claim language, the claim is drawn to "a panoramic objective lens comprising: optical means for projecting a panorama into an image plane of the objective lens . . . ." '990 Pat. Cl. 17. The language that follows "optical means for projecting a panorama into an image plane of the objective lens" in Claim 17 is part of the "optical means" element because it describes the characteristics of the optical means (which Immervision does not dispute). (D.I. 255 at 13); *see also* (D.I. 123 at 6 (Immervision conceding that "the words following 'comprising' all flow from the 'optical means' element")). So that is not a separate element. Additionally, according to Immervision, the language in Claim 21 merely describes "characteristics of the image" in Claim 17. (D.I. 175 at 26; D.I. 265 at 17:23-28:5). So that is not a separate element either. Thus, facially, it appears to be a single-means claim because it is "drafted in 'means-plus-function' format yet recit[es] only a single [optical means] element instead of a combination." *Hyatt*, 708 F.2d at 714; *see* (D.I. 255 at 12-13 ("[T]he 'optical means' appears to be the only element in claim 21's apparatus claim.")).

Immervision seeks to avoid that conclusion by leaning heavily on the fact that the preamble, "a panoramic objective lens," is limiting. (D.I. 259 at 4-5; D.I. 265 at 19:9-18, 22:1-6, 42:1-6). According to Immervision, the limiting nature of the preamble is crucial because it places the "optical means" element in combination with "implied parts critical to the preamble" that provide "structure" such as the "'body of the objective lens' B1 and the other parts B2- B4 and I3-I6 that hold the optical means together." (D.I. 259 at 5 (internal citations omitted)). Those parts

are the ones depicted in Figure 15 but not Figure 16 of the '990 Patent. (D.I. 259 at 4-5). At first blush, Immervision's argument has some attraction. After all, there is "a presumption that the recited elements are only a part of the device [and] that the claim does not exclude additional, unrecited elements." *Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1348 (Fed. Cir. 2001). And when one looks at Figures 15 at 16 side-by-side (*see* D.I. 259 at 4), there certainly appears to be other parts combined with the optical means to form the panoramic objective lens.

The fundamental problem for Immervision though is that the single-means analysis must focus on elements the patentee actually claimed, and Immervision did not claim the "implied parts critical to the preamble." (D.I. 265 at 21:22-25 ("We're saying that we only claim one subcomponent of the panoramic objective lens which is the optical means, and there is [sic] other things that could be claimed as dependent claims.") [9]; *id.* at 20:16-19, 23:6-16, 33:21-34:13); *see Hyatt*, 708 F.2d at 715 ("[N]o provision saves a claim drafted in means-plus-function format which is not drawn to a combination, i.e., a single means claim."); *Ex Parte Lev*, 2010 WL 337240, at *6-*7. Indeed, even if the Court were to award Immervision its proposed construction for the preamble (which seemingly adds no limitation other than swapping out the word "panoramic" for "wide-angle"), Immervision agrees that none of those "implied parts critical to the preamble" would be required. (D.I. 265 at 20:7-19, 21:9-25, 33:21-34:13). Put differently, the "structure" Immervision points to, the alleged "implied parts critical to the preamble," is not claimed. (D.I. 175 at 4). Yet, to be "a ***claim*** for combination," the elements Immervision points to as part of that combination must actually be claimed. 35 U.S.C. § 112 ¶ 6; *see Hyatt*, 708 F.2d at 714;

---

[9] Immervision stated that it did not claim any of the "other things that could be claimed as dependent claims." (D.I. 265 at 21:19-22:6).

11

*Enfish, LLC*, 9 F. Supp. 3d at 1129-30; *Ex Parte Lev*, 2010 WL 337240, at *6-*7. Here, the only element Immervision points to that is actually claimed is the single "optical means" element.

Thus, the Report correctly found that, in this case and under these facts, Claim 21 is a single-means claim.[10] (D.I. 255 at 13 ("[T]he 'optical means' appears to be the only element in claim 21's apparatus claim.")).

### C.   The Report Correctly Found Claim 21 Is Invalid for Lack of Enablement

Immervision next argues that even if Claim 21 is a single-means claim, the Report erred in finding that single-means claims are automatically invalid for lack of enablement. (D.I. 259 at 7). According to Immervision, "enablement is based on underlying facts" and "it is categorically improper to view the single means issue as determinative and ignore the underlying factual dispute." (D.I. 259 at 7-8).

This Court disagrees. The Federal Circuit in *In re Hyatt* viewed the single-means issue as determinative. 708 F.2d 714 ("The proper statutory basis for the rejection of a single means claim is the requirement of the first paragraph of § 112 that the enabling disclosure of the specification be commensurate in scope with the claim under consideration."); *id.* at 715 ("[N]o provision saves a claim drafted in means-plus-function format which is not drawn to a combination, i.e., a single

---

[10]   None of this is to say the Court cannot fathom ways to read this claim such that it would not be a single means claim. But Immervision rejected those readings. For example, if Immervision's construction of the preamble required a "housing" in addition to the "optical means" element, that may take this claim out of single-means territory. *Cf.* (D.I. 265 at 3:22-4:3). The Court need not decide that hypothetical, however, because Immervision's proposed construction of the preamble does not require a housing (or any other parts). (*Id.* at 20:7–19; 33:21–34:13). Additionally, the Court could envision a scenario where the language in Claim 21 presents a second means element, a "lens means" that "compresses the center of the image and the edges of the image, and expands an intermediate zone of the image located between the center and the edges of the image." '990 Pat. Cl. 21. The Court need not decide this hypothetical either because Immervision has rejected this reading of Claim 21 and instead urges that Claim 21 should be read as describing "a property of the output of the lens" instead of a separate function. (D.I. 265 at 27:23-28:5).

means claim."). Other Courts squarely addressing the issue have similarly agreed that case law and the PTO's administrative proceedings "make clear that no enablement analysis is required." *See Enfish, LLC v. Microsoft Corp.*, 9 F. Supp. 3d 1126, 1129 n.2 (C.D. Cal. 2014). That makes sense because "[t]he long-recognized problem with a single means claim is that it covers every conceivable means for achieving the stated result, while the specification discloses at most only those means known to the inventor." *Hyatt*, 708 F.2d at 714; *see also Enfish*, 9 F. Supp. 3d at 1129. Thus, as the Report correctly concluded, "[c]ourts need not perform the traditional, fact-intensive enablement inquiry in this scenario." (D.I. 255 at 21).

Regardless, even if a fact-intensive inquiry were required, Immervision has not identified any disputed facts, let alone any that would change the outcome. If any disputed facts existed, this Court would have expected Immervision to raise them in its objections, particularly given that fact and expert discovery have already ended and Immervision submitted at least three reports from technical experts. (D.I. 173; D.I. 225; D.I. 263 at 8).

### D. The Report Correctly Found Apple's Motion Does Not Violate the Scheduling Order

Finally, Immervision contends the Report erred by not striking Apple's briefing "as a violation on the claim construction briefing page limits." (D.I. 259 at 9). Immervision has cited no authority requiring Apple to raise this dispute in claim construction briefing and the Court is not aware of any. Moreover, Immervision's claims of prejudice fall flat. Immervision contends it "could have chosen instead to argue the term is not a means plus function term" had Apple briefed the single-means issue in *Markman* briefing. (D.I. 259 at 9). Setting aside the fact that Immervision conceded the claim is a means-plus-function claim in prior litigation, Apple's choice to wait until *Markman* briefing was complete streamlined the proceedings and ensured Immervision would not take a position inconsistent with the prior litigation. *See Immervision, Inc.*

13

*v. LG Elecs. U.S.A.*, Inc., No. 18-1630 (MN) (CJB), 2022 WL 903860, at *2 (D. Del. Mar. 28, 2022).

Moreover, it is not necessary to wait until after claim construction to decide this issue because, as the Report correctly noted, "the Court is not 'construing' any particular term in claim 21." (D.I. 255 at 20 n.14).  Indeed, Claim 21 is a single-means claim under either party's proposed construction for "panoramic objective lens" and "optical means for projecting a panorama into an image plane of the objective lens."

## IV.   CONCLUSION

For the reasons stated above, Immervision's objections are OVERRULED, the Report is ADOPTED, Apple's Renewed Motion for Judgment on the Pleadings is GRANTED, and the parties' Claim Construction Motions are DENIED as MOOT.  An appropriate order will issue.